UNITED STATES DISTRICT COURT
WESTERN DSITRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:19-cv-694

| | |
|---|---|
| **JILL ROE**,<br><br>                Plaintiff,<br><br>v.<br><br>**CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUCATION; MARK BOSCO**, in his individual capacity and as an employee of Charlotte-Mecklenburg Schools; **BRADLEY LEAK**, both individually and as an agent of Charlotte-Mecklenburg Schools, and in his official capacity as a law enforcement officer of the Charlotte-Mecklenburg Police Department; **THE CITY OF CHARLOTTE**, a North Carolina Municipality; and **KERR PUTNEY**, his official capacity as Chief of the Charlotte-Mecklenburg Police Department,<br><br>                Defendants. | **DEFENDANT BRADLEY LEAK'S MOTION TO DISMISS AND ANSWER TO COMPLAINT** |

## FIRST DEFENSE:  MOTION TO DISMISS

The Complaint fails to state a claim upon which relief may be granted against this Defendant, and, thus, should be dismissed with prejudice pursuant to Rules 12(b)(1)(2) and (6) of the Federal Rules of Civil Procedure. As permitted by L.R. 7.1(c)(1), Defendant reserves the right to file a separate Motion to Dismiss and supporting brief.

## INTRODUCTION

Prior to the numbered paragraphs, the Complaint contains an introductory paragraph that purports to contain a summary of Plaintiff's lawsuit. Except as expressly admitted below in response to the numbered allegations of the Complaint, the allegations contained in this introductory section and in the Complaint are denied.

## SECOND DEFENSE: ANSWER SUBJECT TO MOTION TO DISMISS

Without waiving any defenses or motions, Defendant, Bradley Leak ("Leak" or "Defendant"), responds to the specifically numbered Paragraphs of Plaintiff's Complaint (hereinafter the "Complaint") as follows:

1. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and they are, therefore, denied.

2. Defendant specifically denies that he responded with deliberate indifference to Ms. Roe. Except as specifically denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, and they are, therefore, denied.

3. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and they are, therefore, denied.

4. Defendant admits upon information and belief that Jill Roe was brought to his office in late 2014 and she reported that she had sexual relations on multiple occasions for a two month period with a male student who she had previously dated (M.G.) after he threatened to kill himself. Defendant further admits that he asked Ms. Roe if M.G. ever threatened to harm her and she said he did not. Defendant admits that Ms. Roe stated that on one occasion during the two month period when she continued to have sex with M.G., M.G. attempted to have anal sex with her in the woods adjacent to Myers Park High School ("MPHS") but when it did not work they had vaginal sex. Except as admitted, Defendant lacks sufficient information to

form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and they are, therefore, denied.

5. Defendant admits that he told Mr. Bosco that there was not sufficient evidence of a crime based on what Ms. Roe had told him. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and they are, therefore, denied.

6. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6, and they are, therefore, denied.

7. The allegations contained in Paragraph 7 are denied.

8. Defendant admits upon information and belief that MPHS typically held a student assembly at the start of each school year, including the 2015-16 year. Defendant specifically denies that he responded with deliberate indifference to reports of sexual misconduct. Except as specifically admitted and denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and they are, therefore, denied.

9. Defendant admits upon information and belief that MPHS typically held a student assembly at the start of each school year, including the 2015-16 year. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 and they are, therefore, denied.

10. Defendant denies the allegations contained in Paragraph 10.

**Specifically Responding to "Jurisdiction & Venue"**

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

12.      Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

13.      Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

14.      Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he resided in this jurisdiction at all times relevant to this Complaint and that MPHS is in Charlotte, North Carolina. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, and they are, therefore, denied.

15.      Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he resided in this jurisdiction at all times relevant to this Complaint and that MPHS is in Charlotte, North Carolina. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15, and they are, therefore, denied.

**Specifically Responding to "Parties"**

16.      Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16, and they are, therefore, denied.

17.      Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17, and they are, therefore, denied.

18.  Defendant admits upon information and belief that Mr. Bosco served as the Principal of MPHS in 2014.  Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18, and they are, therefore, denied.

19.  Defendant admits that at all times relevant to this Complaint he was a resident of Mecklenburg County, North Carolina and a citizen of North Carolina.   Defendant admits that in 2014 he was serving as an SRO at MPHS and was an employee of CMPD.  Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, and they are, therefore, denied.

20.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and they are, therefore, denied.

21.  Defendant admits that Chief Putney is the Chief of Police for CMPD.  Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, and they are, therefore, denied.

**Specifically Responding to "Facts"**

22.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, and they are, therefore, denied.

23.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and they are, therefore, denied.

24.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and they are, therefore, denied.

25.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and they are, therefore, denied.

**Specifically Responding to "Escalation of Sexual Harassment to Sexual Violence"**

5

26.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, and they are, therefore, denied.

27.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, and they are, therefore, denied.

28.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28, and they are, therefore, denied.

29.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29, and they are, therefore, denied.

30.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 30, and they are, therefore, denied.

31.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31, and they are, therefore, denied.

32.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, and they are, therefore, denied.

33.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, and they are, therefore, denied.

34.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, and they are, therefore, denied.

35.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and they are, therefore, denied.

36.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, and they are, therefore, denied.

**Specifically Responding to "First Notice of Sexual Harassment and Violence to CMS"**

37.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the

allegations contained in Paragraph 37, and they are, therefore, denied.

38.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38, and they are, therefore, denied.

39.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39, and they are, therefore, denied.

**Specifically Responding to "Second Notice of Sexual Harassment and Violence to CMS"**

40.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40, and they are, therefore, denied.

41.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 and they are, therefore, denied.

42.    Defendant admits that Jill Roe was brought to his office during school hours in late 2014 and she told him what she claims occurred between herself and M.G. as described in Paragraph 4 above.  Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and they are, therefore, denied.

43.    Defendant admits that he told Mr. Bosco that there was not sufficient evidence of a crime based on what Ms. Roe had told him.  Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 and they are, therefore, denied.

44.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 and they are, therefore, denied.

45.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 and they are, therefore, denied.

46.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 and they are, therefore, denied.

7

47.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 and they are, therefore, denied.

48.     Defendant admits that there was not sufficient evidence of a crime based on what Ms. Roe told him.  Defendant  specifically denies that he discouraged Ms. Roe from taking action. Except as specifically admitted and denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 and they are, therefore, denied.

49.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 and they are, therefore, denied.

**Specifically Responding to "Ongoing Hostile Educational Environment at MPHS"**

50.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 and they are, therefore, denied.

51.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 and they are, therefore, denied.

52.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 and they are, therefore, denied.

53.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 and they are, therefore, denied.

54.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 and they are, therefore, denied.

55.     Defendant admits upon information and belief that MPHS typically held a student assembly at the start of each school year, including the 2015-16 year.  Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 and they are, therefore, denied.

56.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 and they are, therefore, denied.

57.     Defendant admits that the article Plaintiff references is a document in writing which speaks for itself and denies the allegations contained in Paragraph 57 to the extent they contradict that writing.  Except as specifically admitted and denied, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 and they are, therefore, denied.

58.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 and they are, therefore, denied.

59.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 and they are, therefore, denied.

60.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 and they are, therefore, denied.

61.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 and they are, therefore, denied.

62.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 and they are, therefore, denied.

63.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 and they are, therefore, denied.

### Specifically Responding to "Claims For Relief- Count I- (Deliberate Indifference and Intentional Discrimination under Title IX, 20 U.S.C. §§ 1681 et seq., Against Defendant CMS)"

64.     Defendant incorporates by reference his responses to Paragraphs 1-63.

65.     Paragraph 65 does not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant admits that Jill Roe was a minor student at MPHS

9

in 2014.  Except as admitted, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 and they are, therefore, denied.

66.    Paragraph 66 does not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant admits that MPHS is a public school and part of Charlotte Mecklenburg Schools.   Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66, and they are, therefore, denied.

67.    The allegations contained in Paragraph 67 constitute legal conclusions to which no response is required.  To the extent a response is required,  the allegations are denied to the extent they allege any wrongdoing on the part of this Defendant.

68.    Defendant admits that Jill Roe was brought to his office during school hours in late 2014 and she told him what she claimed occurred between herself and M.G. as described in Paragraph 4 above.  Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 68, and they are, therefore, denied.

69.    The allegations contained in Paragraph 69 are denied.

70.    The allegations contained in Paragraph 70 are denied.

71.    The allegations contained in Paragraph 71 are denied.

72.    Defendant denies the allegations contained in Paragraph 72, including sub-paragraphs (a) through (j).

73.    Defendant denies the allegations contained in Paragraph 73.

74.    Defendant denies the allegations contained in Paragraph 74, including sub-paragraphs (a) through (f).

**Specifically Responding to "Count II (Violation of the Fourteenth Amendment of the U.S. Constitution Pursuant to 42 U.S.C.  §1983, Against Defendant CMS, Leak and Bosco)"**

75. Defendant incorporates by reference his responses to Paragraphs 1-74.

76. Paragraph 76 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 76, and they are, therefore, denied.

77. Defendant admits that at all times relevant to this action he was employed by CMPD and assigned to work as a school resource officer ("SRO") at MPHS acting in the course and scope of his employment. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 77, and they are, therefore, denied

78. The allegations contained in Paragraph 78 do not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant admits upon information and belief that Mr. Bosco was employed as the Principal at MPHS at all times relevant to this action. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 78, and they are, therefore, denied.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 79, and they are, therefore, denied.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 80, and they are, therefore, denied.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 81, and they are, therefore, denied.

82. The allegations contained in Paragraph 82 are denied.

83.    The allegations contained in Paragraph 83 are denied.

84.    The allegations contained in Paragraph 84 are denied.

85.    The allegations contained in Paragraph 85 are denied.

86.    The allegations contained in Paragraph 86 are denied.

87.    The allegations contained in Paragraph 87 are denied.

**Specifically Responding to "Count III (Failure to Train in Violation of Title IX and the Fourteenth Amendment of the U.S. Constitution Pursuant to 42 U.S.C. §1983 Against Defendants CMS, City and Putney")**

88.    Defendant incorporates by reference his responses to Paragraphs 1-87.

89.    Paragraph 89 does not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 89, and they are, therefore, denied.

90.    Paragraph 90 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 and they are, therefore, denied.

91.    Paragraph 91 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 91, and they are, therefore, denied.

92.    Paragraph 92 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 92, and they are, therefore, denied.

93.     Paragraph 93 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 93, and they are, therefore, denied.

94.     Paragraph 94 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 94, and they are, therefore, denied.

95.     Paragraph 95 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 95, and they are, therefore, denied.

96.     Paragraph 96 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 96, and they are, therefore, denied.

97.     Paragraph 97 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 97, and they are, therefore, denied.

98.     Defendant denies the allegations contained in Paragraph 98.

99.     Defendant denies the allegations contained in Paragraph 99.

100.    Defendant denies the allegations contained in Paragraph 100.

101.    Defendant denies the allegations contained in Paragraph 101, including sub-paragraphs (a)

through (f).

**Specifically Responding to**
**"Count IV (Negligence Against Defendants Leak and Bosco)"**

102.    Defendant incorporates by reference his responses to Paragraphs 1-101.

103.    Paragraph 103 states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that he complied with all applicable laws.   Except as admitted,  Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 103, and they are, therefore, denied.

104.    Defendant denies the allegations contained in Paragraph 104.

105.    Defendant admits that he knew some MPHS students would go off-campus to the woods from time to time but specifically denies that he knew of any dangerous conditions on MPHS's campus.    Except as specifically admitted and denied, Defendant denies the allegations contained in Paragraph 105.

106.    Paragraph 106 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 106, and they are, therefore, denied.

107.    Defendant denies the allegations contained in Paragraph 107.

108.    Defendant denies the allegations contained in Paragraph 108.

109.    Defendant denies the allegations contained in Paragraph 109, including sub-paragraphs (a), through (f).

**Specifically Responding to**
**"Count V (Negligent Infliction of Emotional Distress**
**Against Defendants Leak and Bosco)"**

110.    Defendant incorporates by reference his responses to Paragraphs 1-109.

111.    Defendant denies the allegations contained in Paragraph 111.

14

112.   Defendant denies the allegations contained in Paragraph 112.

113.   Paragraph 113 does not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 113, and they are, therefore, denied.

114.   Defendant denies the allegations contained in Paragraph 114.

115.   Defendant denies the allegations contained in Paragraph 115.

116.   Defendant denies the allegations contained in Paragraph 116.

117.   Defendant denies the allegations contained in Paragraph 117, including sub-paragraphs (a) through (f).

**Specifically Responding to "Count VI (Negligent Hiring, Training, Retention and Supervision Against Defendants City and Putney)"**

118.   Defendant incorporates by reference his responses to Paragraphs 1-117.

119.   Defendant admits that he was employed as a CMPD police officer who acted as the SRO at MPHS at all times relevant to this action.

120.   Defendant admits that he was employed as a CMPD police officer who acted as the SRO at MPHS at all times relevant to this action.

121.   Defendant admits that he was employed as a CMPD police officer who acted as the SRO at MPHS at all times relevant to this action.

122.   Defendant denies the allegations contained in Paragraph 122.

123.   Defendant denies the allegations contained in Paragraph 123.

124.   Defendant denies the allegations contained in Paragraph 124.

125.   Defendant denies the allegations contained in Paragraph 125.

126.   Defendant denies the allegations contained in Paragraph 126.

127.   Defendant denies the allegations contained in Paragraph 127.

15

128.   Defendant denies the allegations contained in Paragraph 128, including sub-paragraphs (a) through (f).

**Specifically Responding to "Count VII (Common Law Obstruction of Justice Against Defendants Perkins and Leak)"**

129.   Defendant incorporates by reference his responses to Paragraphs 1-128.

130.   Defendant denies the allegations contained in Paragraph 129.

131.   Paragraph 131 does not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 131 and they are, therefore, denied.

132.   Defendant denies the allegations contained in Paragraph 132.

133.   Defendant denies the allegations contained in Paragraph 133.

134.   Defendant denies the allegations contained in Paragraph 134, including sub-paragraphs (a) through (f).


**THIRD AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Compliance)**

Defendant's actions were consistent with CMPD's policies and practices and were in good faith, without any wrongful intent and with a reasonable belief that his conduct was in conformance with North Carolina state and federal laws, as well as consistent with the U.S. Constitution.

**FOURTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Limitations)**

Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches and setoffs.

16

**FIFTH AFFIRMATIVE DEFENSE TO ALL CLIAMS FOR RELIEF**
**(Contributory Negligence)**

Plaintiff's claims for damages are barred, reduced, and/or limited by Plaintiff's own negligence and/or contributory negligence.

**SIXTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Qualified Immunity)**

At all times relevant to Plaintiff's Complaint, the conduct of Defendant was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff of which a reasonable person would have known. Therefore, Defendant is entitled to the defense of qualified immunity, which is hereby pleaded in bar of Plaintiff's claims.

Further, the allegations contained in the Complaint fail to establish by clear and convincing evidence that Officer Leak acted with malice or undertook willful or wanton conduct regarding the matters at issue in this action.

**SEVENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Public Official Immunity)**

At all times relevant to this action, Defendant was a sworn public officer, acting in his official capacity, and entitled to public officer or public official immunity, which is pleaded in bar of Plaintiff's claim. Further, Plaintiff failed to plead and will be unable to establish any evidence that Defendant's conduct was motivated by something other than a purpose in furtherance of his official job or duties.

**EIGHTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Governmental Immunity)**

Defendant was at all times relevant to this matter acting in his official capacity as a law enforcement officer carrying out law enforcement functions in the course and scope of his

employment with CMPD. Defendant is entitled to the defense of governmental immunity, which is hereby pleaded in bar of Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Punitive Damages)

Under North Carolina law, punitive damages are unavailable for plaintiffs against municipalities unless there is a statute which expressly permits punitive damages to be sought against municipalities. *See*, Long v. City of Charlotte, 306 N.C. 187, 208, 293 S.E.2d 101, 115 (1982). There is no statutory authorization for Plaintiff's requested relief of punitive damages. Moreover, the allegations contained in Plaintiff's Complaint fail to establish by clear and convincing evidence that Defendant acted with malice or undertook willful or wanton conduct, evil motive, or reckless and callous disregard with regard to the matters at issue in this action.

## TENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Statute of Limitations)

Plaintiff' claims may be barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Mitigation)

Plaintiff is not entitled to recovery of compensatory damages against Defendant as she failed to mitigate her damages.

## TWELFTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Notice of Additional Defenses)

Defendant reserves the right to plead additional affirmative defense as may be revealed during discovery proceedings in this matter and likewise plead all defenses pled by all co-defendants in this action.

**THIS** 28th day of February, 2020.
.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
13850 Ballantyne Corporate Place, Suite 500
Charlotte, North Carolina 28277
Phone:  704-887-5219
Facsimile:  704-919-5059
Email:  lkeeton@lorikeetonlaw.com
***Counsel for Defendant Bradley Leak***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing **MOTION TO DISMISS AND ANSWER** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification and serve same content upon counsel of record, as follows:

Geraldine Sumter, Esq.
Ferguson Chambers & Sumter, P.A.
309 Morehead St, Ste 110
Charlotte, NC 28202

Laura L. Dunn, Esq. (*pro hac vice*)
L.L. Dunn Law Firm, PLLC
1629 K St NW, Suite 300
Washington, DC 20006-1631
***Counsel for Plaintiff Jill Roe***

Andrea Leslie-Fite, Esq.
Senior Assistant City Attorney
Office of the City Attorney
600 E 4th St
Charlotte, NC 28202
***Counsel for City of Charlotte and Chief Kerr Putney***

Terry Wallace, Esq.
Wallace Childers PLLC
5821 Fairview Rd
Charlotte, NC 28209
***Counsel for Charlotte-Mecklenburg Schools Board of Education and Mark Bosco***

This 28th day of February, 2020.

/s/ Lori R. Keeton
Lori R. Keeton, Esq., NC Bar # 25813
Law Offices of Lori Keeton
13850 Ballantyne Corporate Place, Suite 500
Charlotte, North Carolina 28277
Phone: (704) 887-5219
Fax: (704) 919-5059
Email: lkeeton@lorikeetonlaw.com
***Counsel for Defendant Bradley Leak***