| | |
|---|---|
| **JILL ROE,**<br><br>                                      **Plaintiff,**<br><br>**v.**<br><br>**CHARLOTTE-MECKLENBURG BOARD OF EDUCATION; MARK BOSCO,** in his individual capacity and as an employee of Charlotte-Mecklenburg Schools**; BRADLEY LEAK,** both individually and as an agent of Charlotte-Mecklenburg Schools, and in his official capacity as a law enforcement officer of the Charlotte-Mecklenburg Police Department; **THE CITY OF CHARLOTTE**, a North Carolina Municipality; and **KERR PUTNEY**, in his official capacity as Chief of the Charlotte-Mecklenburg Police Department,<br><br>                                      **Defendants.** | **ANSWER BY DEFENDANTS** <u>**CHARLOTTE-MECKLENBURG BOARD**</u> <u>**OF EDUCATION AND MARK BOSCO**</u> |

Defendants Charlotte-Mecklenburg Board of Education (the "Board" or "Defendant Board" or "CMS") and Mark Bosco, individually and as an employee of Charlotte-Mecklenburg Schools ("Bosco" or "Defendant Bosco") (hereinafter, collectively referred to as "Defendants"), through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

Except as expressly admitted herein, the allegations in the Complaint are denied.

**FIRST DEFENSE**

**(Rule 12(b)(1) Motion to Dismiss)**

1

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that this Court lacks subject matter jurisdiction over certain claims. As permitted by L.R. 7.1(c)(1), Defendants reserve the right to file a separate Motion to Dismiss and supporting brief.

## SECOND DEFENSE
### (Rule 12(b)(2) Motion to Dismiss)

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rule of Civil Procedure on the grounds that this Court lacks personal jurisdiction over Defendants. As permitted by L.R. 7.1(c)(1), Defendants reserve the right to file a separate Motion to Dismiss and supporting brief.

## THIRD DEFENSE
### (Rule 12(b)(6) Motion to Dismiss)

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that it fails to state a claim upon which relief can be granted. As permitted by L.R. 7.1(c)(1), Defendants reserve the right to file a separate Motion to Dismiss and supporting brief.

## FOURTH DEFENSE

Plaintiff's claims against Defendant Bosco should be dismissed because that defendant is entitled to Qualified Immunity and Public Official Immunity.

## FIFTH DEFENSE

Defendants plead all other applicable immunities to which they are entitled by operation of law in bar of Plaintiff's rights to recover herein, including, but not limited to Governmental Immunity.

<u>**SIXTH DEFENSE**</u>

Defendants hereby respond to the numbered allegations in Plaintiff's Complaint as follows:

<u>**INTRODUCTION**</u>

1. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 1 of the Complaint, and, therefore, deny the same.

2. Defendants admit that, at some point, Plaintiff spoke with Ms. Weinstein. Defendants deny responding with deliberate indifference. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 2 of the Complaint, and, therefore, deny the same.

3. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 3 of the Complaint, and, therefore, deny the same.

4. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of the Complaint, and, therefore, deny the same.

5. Defendants admit that Plaintiff met in Defendant Bosco's office and that Defendant Leak stated that there was not enough information to support a criminal charge. Defendants

are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 5 of the Complaint, and, therefore, deny the same.

6. The allegations contained in Paragraph 6 of the Complaint are denied.

7. The allegations contained in Paragraph 7 of the Complaint are denied.

8. The allegations contained in Paragraph 8 of the Complaint are denied.

9. Defendants admit that Defendant Bosco held a beginning of the school year student assembly; that during the assembly, he discussed a number of topics; and during the assembly, he encouraged students to stay out of the woods. Defendants deny any deliberate indifference. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 9 of the Complaint, and, therefore, deny the same.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

## JURISDICTION & VENUE

11. The allegations contained in Paragraph 11 of the Complaint constitute conclusions of law to which no response is required.

12. The allegations contained in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required.

13. The allegations contained in Paragraph 13 of the Complaint constitute conclusions of law to which no response is required.

4

14. The allegations contained in Paragraph 14 of the Complaint constitute conclusions of law to which no response is required.

15. The allegations contained in Paragraph 15 of the Complaint constitute conclusions of law to which no response is required.

## PARTIES

16. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 16 of the Complaint, and, therefore, deny the same.

17. Defendants admit that CMS is a body corporate located in Charlotte, North Carolina with powers granted by the State of North Carolina. The remaining allegations contained in Paragraph 17 of the Complaint constitute conclusions of law or citations to legal authorities to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 17 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

18. Defendants admit that Defendant Bosco is a resident of Mecklenburg County, a citizen of North Carolina, an employee of CMS, and Principal at MPHS and that he performed his duties in accordance with the law. Except as admitted herein, the allegations contained in Paragraph 18 are denied.

19. Defendants admit that Defendant Bradley Leak ("Defendant Leak") served as a School Resource Officer ("SRO") at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department, and that he was selected and assigned to MPHS by The Charlotte-Mecklenburg Police Department. Defendants

5

deny that Defendant Leak acted as an agent for the Board or CMS. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 19 of the Complaint, and, therefore, deny the same.

20. Defendants admit that the Defendant City of Charlotte is a municipal corporation located in Mecklenburg County. The remaining allegations contained in Paragraph 18 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the remaining allegations contained in Paragraph 20 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

21. Defendants admit that Defendant Putney is the Chief of Police for the CMPD. The remaining allegations contained in Paragraph 21 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 21 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

**FACTS**

22. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 22 of the Complaint, and, therefore, deny the same.

6

23. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 23 of the Complaint, and, therefore, deny the same.

24. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 24 of the Complaint, and, therefore, deny the same.

25. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 25 of the Complaint, and, therefore, deny the same.

26. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 26 of the Complaint, and, therefore, deny the same.

27. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 27 of the Complaint, and, therefore, deny the same.

28. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 28 of the Complaint, and, therefore, deny the same.

29. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 29 of the Complaint, and, therefore, deny the same.

30. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 30 of the Complaint, and, therefore, deny the same.

31. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 31 of the Complaint, and, therefore, deny the same.

32. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 32 of the Complaint, and, therefore, deny the same.

33. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 33 of the Complaint, and, therefore, deny the same.

34. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 34 of the Complaint, and, therefore, deny the same.

35. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 35 of the Complaint, and, therefore, deny the same.

36. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 36 of the Complaint, and, therefore, deny the same.

37. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 37 of the Complaint, and, therefore, deny the same.

38. Defendants admit that M.G.'s mother was contacted at some point. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 38 of the Complaint, and, therefore, deny the same.

39. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 39 of the Complaint, and, therefore, deny the same.

40. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 40 of the Complaint, and, therefore, deny the same.

41. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 41 of the Complaint, and, therefore, deny the same.

42. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 42 of the Complaint, and, therefore, deny the same.

43. Defendants admit that Plaintiff met in Defendant Bosco's office and that Defendant Leak stated that there was not enough information to support a criminal charge. Defendants

9

are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 43 of the Complaint, and, therefore, deny the same.

44. Defendants deny that Defendant Bosco failed to make corrective actions. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 44 of the Complaint, and, therefore, deny the same.

45. Defendants admit that Defendant Bosco informed Plaintiff that she could make a formal report and Plaintiff declined. The remaining allegations contained in Paragraph 45 of the Complaint are denied.

46. Defendants admit that Defendant Bosco stated that he would contact Plaintiff's mother. Except as expressly admitted herein, the allegations contained in Paragraph 46 of the Complaint are denied.

47. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 47 of the Complaint, and, therefore, deny the same.

48. Defendants admit that Plaintiff and her mother informed Defendant Bosco that they were declining making a formal report or pursuing any further action. Defendants deny any threat by Defendant Bosco or actions or statements by Bosco intending to discourage Plaintiff from taking any action. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 48 of the Complaint, and, therefore, deny the same.

10

49. The allegations contained in Paragraph 49 are admitted as Plaintiff and her mother declined to make a formal report and indicated that they did not want to pursue any further action.

50. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 50 of the Complaint, and, therefore, deny the same.

51. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 51 of the Complaint, and, therefore, deny the same.

52. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 52 of the Complaint, and, therefore, deny the same.

53. The allegations contained in Paragraph 53 are denied since Title IX information was made available to Plaintiff during her tenure at Myers Park.

54. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 54 of the Complaint, and, therefore, deny the same.

55. Defendants admit that Defendant Bosco held a beginning of the school year student assembly; that during the assembly, he discussed a number of topics; and during the assembly, he encouraged students to stay out of the woods. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of

11

the remaining allegations contained in Paragraph 55 of the Complaint, and, therefore, deny the same.

56. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 56 of the Complaint, and, therefore, deny the same.

57. Defendants admit that the link referenced in footnote 5 of Paragraph 57 of the Complaint contains an article, the content of which speaks for itself. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 57 of the Complaint, and, therefore, deny the same.

58. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 58 of the Complaint, and, therefore, deny the same.

59. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 59 of the Complaint, and, therefore, deny the same.

60. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 60 of the Complaint, and, therefore, deny the same.

61. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 61 of the Complaint, and, therefore, deny the same.

62. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 62 of the Complaint, and, therefore, deny the same.

63. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 63 of the Complaint, and, therefore, deny the same.

## CLAIMS FOR RELIEF

### COUNT I
*(Deliberate Indifference and Intentional Discrimination under Title IX, 20 U.S.C. §§ 1681, et seq, Against Defendant CMS)*

64. With respect to the allegations contained in Paragraph 64 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

65. Defendants admit that from the fall of 2013 to the spring of 2017, Plaintiff was a minor student enrolled at MPHS. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 65 of the Complaint, and, therefore, deny the same.

66. The allegations contained in Paragraph 66 are admitted.

67. The allegations contained in Paragraph 67 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations

13

contained in Paragraph 67 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

68. Defendants admit that Plaintiff shared information regarding her relationship with M.G. to Defendants Leak and Bosco. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 68 of the Complaint, and, therefore, deny the same.

69. The allegations contained in Paragraph 69 of the Complaint are denied.

70. The allegations contained in Paragraph 70 of the Complaint are denied.

71. The allegations contained in Paragraph 71 of the Complaint are denied.

72. The allegations contained in Paragraph 72 of the Complaint are denied.

73. The allegations contained in Paragraph 73 of the Complaint are denied.

74. The allegations contained in Paragraph 74 of the Complaint are denied.


**COUNT II**
*(Violation of the Fourteenth Amendment of the U.S. Constitution Pursuant to 42 U.S.C. § 1983, Against Defendants CMS, Leak and Bosco)*


75. With respect to the allegations contained in Paragraph 75 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

14

76. Defendants admit that Defendant Board has general control and supervision of all matters pertaining to the public schools in its respective administrative units consistent with North Carolina General Statutes Chapter 115C, state law, and federal law. Except as admitted herein, the allegations contained in Paragraph 76 of the Complaint are denied.

77. Defendants admit that Defendant Leak served as a School Resource Officer ("SRO") at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department, and that he was selected and assigned to MPHS by The Charlotte-Mecklenburg Police Department. Defendants deny that Defendant Leak acted as an agent for the Board or CMS. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 77 of the Complaint, and, therefore, deny the same.

78. Defendants admit that Defendant Bosco was an employee of CMS while serving as Principal in his official capacity. The remaining allegations constitute conclusions of law to which no response is required. To the extent that a response is required, the remaining allegations contained in Paragraph 78 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

79. The allegations contained in Paragraph 79 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 79 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

80. Defendant admit that CMS is obligated as a federal funding recipient to comply with Title IX. The remaining allegations contained in Paragraph 80 of the Complaint

15

constitute conclusions of law to which no response is required. To the extent that a response is required, the remaining allegations contained in Paragraph 80 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

81. Defendants admit that any documentation received from OCR regarding the mandates of Title IX are documents that speak for themselves. Except as expressly admitted herein, the allegations contained in Paragraph 81 of the Complaint are denied.

82. The allegations contained in Paragraph 82 of the Complaint are denied.

83. The allegations contained in Paragraph 83 of the Complaint are denied.

84. The allegations contained in Paragraph 84 of the Complaint are denied.

85. The allegations contained in Paragraph 85 of the Complaint are denied.

86. The allegations contained in Paragraph 86 of the Complaint are denied.

87. The allegations contained in Paragraph 87 of the Complaint are denied.

### COUNT III
*(Failure to Train in Violation of Title IX and the Fourteenth Amendment of the U.S. Constitution Pursuant to 42 U.S.C. § 1983, Against Defendants CMS, City and Putney)*

88. With respect to the allegations contained in Paragraph 88 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

89. Defendants admit that Defendant Board has general control and supervision of all matters pertaining to the public schools in its respective administrative units consistent with North Carolina General Statutes Chapter 115C, state law, and federal law. Except as admitted herein, the allegations contained in Paragraph 89 of the Complaint are denied.

90. The allegations contained in Paragraph 90 of the Complaint do not pertain to these answering Defendants. To the extent that a response is required, the allegations contained in Paragraph 90 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

91. The allegations contained in Paragraph 91 of the Complaint do not pertain to these answering Defendants. To the extent that a response is required, the allegations contained in Paragraph 91 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

92. Defendants admit that Defendant Board has general control and supervision of all matters pertaining to the public schools in its respective administrative units consistent with North Carolina General Statutes Chapter 115C, state law, and federal law. Defendants admit that CMS Board policies are a matter of public record and speak for themselves. Defendants do not understand the remaining allegations contained in Paragraph 92 of the Complaint and therefore, deny the same.

93. The allegations contained in Paragraph 93 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that its employees received training that was within the scope of their duties and as required by law and that they breached no duty to Plaintiff. Defendants deny that

17

Defendant Leak or Ms. Weinstein was an employee or agent of CMS. Except as admitted herein, the allegations contained in Paragraph 93 of the Complaint are denied.

94. The allegations contained in Paragraph 94 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the allegations contained in Paragraph 94 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

95. The allegations contained in Paragraph 95 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the allegations contained in Paragraph 95 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

96. Defendants admit that Defendant Leak served as a School Resource Officer ("SRO") at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department, and that he was selected and assigned to MPHS by The Charlotte-Mecklenburg Police Department. Defendants deny that Defendant Leak acted as an agent for the Board or CMS. The remaining allegations contained in Paragraph 96 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the remaining allegations contained in Paragraph 96 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

97. No response is required as to the allegations contained in Paragraph 97 that refer to legal citations and authorities. The remaining allegations contained in Paragraph 97 of the Complaint are denied.

98. The allegations contained in Paragraph 98 of the Complaint are denied.

99. The allegations contained in Paragraph 99 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the allegations contained in Paragraph 99 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

100. The allegations contained in Paragraph 100 of the Complaint are denied.

101. The allegations contained in Paragraph 101 of the Complaint are denied.


**COUNT IV**
*(Negligence against Defendants Leak and Bosco)*

102. With respect to the allegations contained in Paragraph 102 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

103. Defendants admit that Defendant Bosco performed his duties as required by state and federal law; and that he breached no duty to the Plaintiff. The remaining allegations contained in Paragraph 103 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the remaining allegations contained in Paragraph 103 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

104. The allegations contained in Paragraph 104 of the Complaint are denied.

105. The allegations contained in Paragraph 105 of the Complaint are denied.

106.     The allegations contained in Paragraph 106 of the Complaint are denied.

107.     The allegations contained in Paragraph 107 of the Complaint are not directed at these answering Defendants.  To the extent that a response is required, the allegations contained in Paragraph 107 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

108.     The allegations contained in Paragraph 108 of the Complaint are denied.

109.     The allegations contained in Paragraph 109 of the Complaint are denied.

**COUNT V**
*(Negligent Infliction of Emotional Distress against Defendants Leak and Bosco)*

110.     With respect to the allegations contained in Paragraph 110 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

111.     The allegations contained in Paragraph 111 of the Complaint are denied.

112.     The allegations contained in Paragraph 112 of the Complaint are not directed at these answering Defendants.  To the extent that a response is required, the allegations contained in Paragraph 112 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

113.     The allegations contained in Paragraph 113 of the Complaint are denied.

114.     The allegations contained in Paragraph 114 of the Complaint are denied.

115.     The allegations contained in Paragraph 115 of the Complaint are denied.

20

116.     The allegations contained in Paragraph 116 of the Complaint are denied.

117.     The allegations contained in Paragraph 117 of the Complaint are denied.

## COUNT VI
*(Negligent Training, Retention, and Supervision Against Defendants CMS, City and Putney)*

118.     With respect to the allegations contained in Paragraph 118 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

119.     Defendants admit that Defendant Leak served as an SSRO at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department, and that contract speaks for itself.  Defendants admit that Defendant Leak was employed as a police officer for CMPD.  Except as expressly admitted herein, the allegations contained in Paragraph 119 of the Complaint are denied.

120.     Defendants admit that Defendant Leak served as an SSRO at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department, and that contract speaks for itself.  Defendants admit that Defendant Leak was employed as a police officer for CMPD.  Except as expressly admitted herein, the allegations contained in Paragraph 120 of the Complaint are denied.

121.     Defendants admit that Defendant Leak served as an SSRO at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department, and that contract speaks for itself.  Defendants admit that Defendant Leak

21

was employed as a police officer for CMPD. Except as expressly admitted herein, the allegations contained in Paragraph 121 of the Complaint are denied.

122. Defendants admit that Defendant Leak served as an SSRO at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department, and that contract speaks for itself. Defendants admit that Defendant Leak was employed as a police officer for CMPD and the City. Except as expressly admitted herein, the allegations contained in Paragraph 122 of the Complaint are denied.

123. The allegations contained in Paragraph 123 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the allegations contained in Paragraph 123 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

124. The allegations contained in Paragraph 124 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the allegations contained in Paragraph 124 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

125. The allegations contained in Paragraph 125 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the allegations contained in Paragraph 125 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

126. Defendants deny that Defendant Board is Defendant Leak's employer. The remaining allegations contained in Paragraph 126 of the Complaint are not directed at these answering Defendants. To the extent that a response is required, the allegations

22

contained in Paragraph 126 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

127.     The allegations contained in Paragraph 127 of the Complaint are not directed at these answering Defendants.  To the extent that a response is required, the allegations contained in Paragraph 127 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

128.     The allegations contained in Paragraph 128 of the Complaint are denied.

**COUNT VII**
*(Common Law Obstruction of Justice Against Defendants Leak and Bosco)*

129.     With respect to the allegations contained in Paragraph 129 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

130.     The allegations contained in Paragraph 130 of the Complaint are not directed at these answering Defendants.  To the extent that a response is required, the allegations contained in Paragraph 130 of the Complaint are denied to the extent that they allege any liability on the part of these answering Defendants.

131.     The allegations contained in Paragraph 131 of the Complaint are denied.

132.     The allegations contained in Paragraph 132 of the Complaint are denied.

133.     The allegations contained in Paragraph 133 of the Complaint are denied.

## SEVENTH DEFENSE

Defendants had no control over the alleged harasser and the context of the alleged harassment.

## EIGHTH DEFENSE

Plaintiff was not deprived of access to educational opportunities or benefits.

## NINTH DEFENSE

At all times, Defendants acted in all respects in accordance with state and federal law and in good faith.

## TENTH DEFENSE

Upon receiving notice of Plaintiff's complaint, school officials took prompt and appropriate action to investigate and address Plaintiff's complaints.

## ELEVENTH DEFENSE

The Board has adopted, implemented, and published adequate and effective policies to prevent sexual harassment and discrimination and to ensure prompt investigation and redress of complaints of sexual harassment or discrimination.

## TWELFTH DEFENSE

Defendants did not engage in, promote or further any policy, practice, custom that in any way violated Plaintiff's rights. Defendants did not enact or act pursuant to any official policy, custom, or practice that in any way violated Plaintiff's rights.

## THIRTEENTH DEFENSE

Defendants plead all applicable statutes of limitation as a bar to Plaintiff's claims.


## FOURTEENTH DEFENSE

Plaintiff (personally and/or by and through her parents/representatives) communicated that they did not wish to pursue further action.


## FIFTEENTH DEFENSE

At all times relevant to this action, Defendants have acted in good faith in full compliance with all applicable laws.

## SIXTEENTH DEFENSE

Defendants deny that any act or omission on their part was the proximate cause of the injuries and damages Plaintiff alleges in her Complaint.


## SEVENTEENTH DEFENSE

Any psychological problems or mental/emotional distress Plaintiff claims to suffer are the result of other causes unrelated to Defendants.


## EIGHTEENTH DEFENSE

Defendants deny engaging in any conduct that constitutes a deliberate indifference to the rights of the Plaintiff.


## NINETEENTH DEFENSE

To the extent it may be found that Plaintiff was subjected to any discriminatory conduct alleged in the Complaint, which is vehemently denied, such conduct was contrary to Defendants' good faith efforts to comply with applicable law.

## TWENTIETH DEFENSE

To the extent that any of the alleged wrongs were committed by others, any and all such claims are barred as against Defendants in their entirety.

## TWENTY-FIRST DEFENSE

Plaintiff has failed to mitigate her damages.

## TWENTY-SECOND DEFENSE

Defendants deny that Defendant Leak is an agent of Defendant Board. Defendant Leak served at a MPHS as an SRO pursuant to a contract between Defendant Board and the City of Charlotte/Charlotte-Mecklenburg Police Department.

## TWENTY-THIRD DEFENSE

Plaintiff was contributorily negligent as a matter of law.

## TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to receive punitive damages against a municipal defendant as a matter of law unless authorized by statute and because Plaintiff has not pled facts sufficient to support such an award.

Case 3:19-cv-00694-FDW-DSC   Document 17   Filed 02/28/20   Page 26 of 28

## **TWENTY-FIFTH DEFENSE**

Defendants reserve the right to amend the Answer and assert any additional affirmative defenses as they may become available or apparent throughout this litigation.

**WHEREFORE**, the Defendants pray the Court as follows:

1.  That Plaintiff have and recover nothing of Defendants in this action;

2.  That the Court dismiss this action in its entirety with prejudice;

3.  That the Court award Defendants' costs, attorneys' fees, and all other expenes incurred in the defense of this action as provided by applicable law; and

4.  For such other relief as the Court deems just and proper.

This the 28th day of February 2020.

/s/ Terry L. Wallace
Terry L. Wallace
N.C. State Bar No. 26806
Wallace Childers PLLC
5821 Fairview Road; Suite 110
Charlotte, North Carolina 28209
Phone:  704-626-2900
Fax:  704-626-3476
Email: terry@wallacechilders.com

**ATTORNEY FOR DEFENDANT CHARLOTTE-MECKLENBURG BOARD OF EDUCATION AND DEFENDANT MARK BOSCO**

27

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this date the undersigned filed the foregoing **ANSWER BY**

**DEFENDANTS CHARLOTTE-MECKLENBURG BOARD OF EDUCATION AND**

**MARK BOSCO** using the Court's CM/ECF system which will send notification of such filing

to all CM/ECF participants.

This the 28th day of February 2020.

/s/ Terry L. Wallace
Terry L. Wallace
N.C. State Bar No. 26806
Wallace Childers PLLC
5821 Fairview Road; Suite 110
Charlotte, North Carolina 28209
Phone:  704-626-2900
Fax:  704-626-3476
Email: terry@wallacechilders.com

**A**TTORNEY FOR DEFENDANT
**CHARLOTTE-MECKLENBURG BOARD OF
EDUCATION AND DEFENDANT MARK
BOSCO**