| | |
|---|---|
| **JILL ROE,**<br><br><br>Plaintiff,<br><br>v.<br><br>**CHARLOTTE-MECKLENBURG BOARD OF EDUCATION; MARK BOSCO**, in his individual capacity and as an employee of Charlotte-Mecklenburg Schools; **BRADLEY LEAK**, both individually and as an agent of Charlotte-Mecklenburg Schools, and in his official capacity as a law enforcement officer of the Charlotte Mecklenburg Police Department; **THE CITY OF CHARLOTTE**, a North Carolina Municipality; and **KERR PUTNEY**, in his official capacity as Chief of the Charlotte-Mecklenburg Police Department<br><br>Defendants. | **DEFENDANTS' CITY OF CHARLOTTE AND KERR PUTNEY IN HIS OFFICIAL CAPACITY:**<br>**ANSWER AND MOTION TO DISMISS** |

NOW COME, Defendants, City of Charlotte ("City" ) and Kerr Putney, Chief of Police for the Charlotte-Mecklenburg Police Department ("Chief"); collectively "Defendants", by and through the undersigned counsel moving to dismiss the Complaint in this action:

### FIRST DEFENSE: MOTION TO DISMISS

The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(1)(2) and (6) of the Federal Rules of Civil Procedure. Further, pursuant to L.R. 7.1(c)(1) Defendant reserves the right to file a separate Motion to Dismiss and a supporting Memorandum of Law.

Case 3:19-cv-00694-FDW-DSC   Document 18   Filed 02/28/20   Page 1 of 25

## RESPONSE TO THE  INTRODUCTION

The Complaint in this action contains an opening intended to convey a synopsis of the asserted claims. Except as expressly admitted in the numbered allegations of the Complaint as set forth hereafter, the allegations contained in this section are **DENIED**.

## SECOND DEFENSE

NOW COME Defendants, responding, to each corresponding paragraph contained in the Complaint, and each subpart thereof, alleging and saying as follows. Except as expressly admitted the allegations contained in the Complaint are **DENIED**

1. Defendants lack sufficient information as to form belief as to the truthfulness of the allegations contained in Paragraph 1 of the Complaint and demand strict proof thereof. Paragraph 1 is therefore **DENIED**.

2. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 2 of the Complaint and demand strict proof thereof. Paragraph 2 is therefore **DENIED**.

3. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of the Complaint and demand strict proof thereof. Paragraph 3 is therefore **DENIED.**

4.  Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of the Complaint and demand strict proof thereof. Paragraph 4 is therefore **DENIED**.

5. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of the Complaint and demand strict proof thereof. Paragraph 5 is therefore **DENIED**.

6. The allegations contained in Paragraph 6 appear to be directed at other Defendants and therefore do not require a response from these Defendants; however, to the extent that a response is required, Defendants City and Putney lack sufficient information as to form a belief about the truthfulness of the allegations. Paragraph 6 is therefore **DENIED**.

7. The allegations contained in Paragraph 7 appear to be directed at other Defendants and therefore do not require a response from these Defendants; however, to the extent that a response is required Paragraph 7 is therefore **DENIED**.

8. The allegations contained in Paragraph 8 appear to be directed at other Defendants and therefore do not require a response from these Defendants; however, to the extent that a response is required, Defendants City and Putney lack sufficient information as to form a belief about the truthfulness of the allegations. Paragraph 8 is therefore **DENIED**.

9. The allegations contained in Paragraph 9 appear to be directed at other Defendants and therefore do not require a response from these Defendants. However, to the extent that a response is required, Defendants City and Putney lacks sufficient information  as to form a belief about the truthfulness of the allegations. Paragraph 9 is therefore **DENIED**.

10. The allegations contained in Paragraph 10 appear to be directed at other Defendants and therefore do not require a response from these Defendants; however, to the extent that a response is required the allegations are  **DENIED**.

Case 3:19-cv-00694-FDW-DSC   Document 18   Filed 02/28/20   Page 3 of 25

11. Paragraph 11 states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein

12. Paragraph 12 states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein

13. Paragraph 13 states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 13 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

14. Paragraph 14 states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein.

15. Paragraph 15 states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15 for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the matters contained therein

16. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 16 of the Complaint and demand strict proof thereof. The allegations contained in Paragraph 16 are therefore **DENIED**.

17. Defendants lack sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of the Complaint and are therefore **DENIED**.

18. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 18 of the Complaint and are therefore **DENIED**.

19. Defendants lack sufficient information as to form a belief regarding the truthfulness of the allegations contained in Paragraph 19 of the Complaint and are therefore **DENIED**.

20. Defendants admit the City is a municipal corporation located in Mecklenburg County, North Carolina. Defendants expressly deny that the City of Charlotte has waived governmental immunity entirely as to the state tort law claims brought in this action.   The remaining allegations contained in Paragraph 20 are also expressly **DENIED**.

21. Defendants admit Chief Putney is the Chief of Police for CMPD and is a resident of Mecklenburg County, North Carolina, and he is being sued in his official capacity. The remaining allegations contained in Paragraph 21 are legal conclusions, to which a response is not required; however, to the extent that a response is required, the allegations are  **DENIED**.

22. Defendants lack sufficient information as to form a belief regarding the truthfulness of the allegations contained in Paragraph 22 and demand strict proof thereof. The allegations contained in Paragraph 22 are **DENIED**.

23. Defendants lack sufficient information as to form a belief regarding the truthfulness of the allegations contained in Paragraph 24 and demand strict proof thereof. The allegations contained in Paragraph 23 are **DENIED**.

24. Defendants lack sufficient information as to form a belief as to the truth of the allegations contained in Paragraph 24 and demand strict proof thereof. The allegations contained in Paragraph 24 are **DENIED**.

25. Defendants lack sufficient information as to form a belief as to the truth of the allegations contained in Paragraph 25 and demand strict proof thereof. The allegations contained in Paragraph 25 are **DENIED**.

26. Defendants lack sufficient information as to form a belief as to the truth of the allegations contained in Paragraph 26 and demand strict proof thereof. The allegations contained in Paragraph 26 are **DENIED**.

27. Defendants lack sufficient information as to form a belief regarding the truthfulness of the allegations contained in Paragraph 27 and demand strict proof thereof. The allegations contained in Paragraph 27 are **DENIED**.

28. Defendants lack sufficient information as to form a belief regarding the truthfulness of the allegations contained in Paragraph 28 and demand strict proof thereof. The allegations contained in Paragraph 28 are **DENIED**.

29. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 29 and demand strict proof thereof. The allegations contained in Paragraph 29 are **DENIED**.

30. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 30 and demand strict proof thereof. The allegations contained in Paragraph 30 are **DENIED**.

31. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 31 and demand strict proof thereof. The allegations contained in Paragraph 31 are **DENIED**.

32. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 22 and demand strict proof thereof. The allegations contained in Paragraph 22 are **DENIED**.

33. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 33 and demand strict proof thereof. The allegations contained in Paragraph 33 are **DENIED**.

34. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 34and demand strict proof thereof. The allegations contained in Paragraph 34 are **DENIED**.

35. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 35 and demand strict proof thereof. The allegations contained in Paragraph 35 are **DENIED**.

36. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 36 and demand strict proof thereof. The allegations contained in Paragraph 36 are **DENIED**.

Case 3:19-cv-00694-FDW-DSC   Document 18   Filed 02/28/20   Page 7 of 25

37. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 37 and demand strict proof thereof. The allegations contained in Paragraph 37 are **DENIED**.

38. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 38 and demand strict proof thereof. The allegations contained in Paragraph 38 are **DENIED**.

39. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 39 and demand strict proof thereof. The allegations contained in Paragraph 39 are **DENIED**.

40. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 40 and demand strict proof thereof. The allegations contained in Paragraph 40 are **DENIED**.

41. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 41 and demand strict proof thereof. The allegations contained in Paragraph 41 are **DENIED**.

42. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 42 and demand strict proof thereof. The allegations contained in Paragraph 42 are **DENIED**.

43. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 43 and demand strict proof thereof. The allegations contained in Paragraph 43 are **DENIED**.

Case 3:19-cv-00694-FDW-DSC   Document 18   Filed 02/28/20   Page 8 of 25

44. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 22 and demand strict proof thereof. The allegations contained in Paragraph 22 are **DENIED**.

45. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 45 and demand strict proof thereof. The allegations contained in Paragraph 45 are **DENIED**.

46. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 46 and demand strict proof thereof. The allegations contained in Paragraph 46 are **DENIED**.

47. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 47 and demand strict proof thereof. The allegations contained in Paragraph 47 are **DENIED**.

48. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 48 and demand strict proof thereof. The allegations contained in Paragraph 48 are **DENIED**.

49. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 49 and demand strict proof thereof. The allegations contained in Paragraph 49 are **DENIED**.

50. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 50 and demand strict proof thereof. The allegations contained in Paragraph 50 are **DENIED**.

51. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 51 and demand strict proof thereof. The allegations contained in Paragraph 51 are **DENIED**.

52. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 52 and demand strict proof thereof. The allegations contained in Paragraph 52 are **DENIED**.

53. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 56and demand strict proof thereof. The allegations contained in Paragraph 53 are **DENIED**.

54. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 56 and demand strict proof thereof. The allegations contained in Paragraph 54 are **DENIED**.

55. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 56 and demand strict proof thereof. The allegations contained in Paragraph 55 are **DENIED**.

56. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 56 and demand strict proof thereof. The allegations contained in Paragraph 56 are **DENIED**.

57. Upon information and belief Defendants admit WCNC New aired a new story on or about May 5, 2016, entitled *Sexual Assault Reported Near Myers Park HS.* Except as expressly admitted the allegations contained in Paragraph 57 are **DENIED**.

58. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 58 and demand strict proof thereof. The allegations contained in Paragraph 58 are **DENIED**.

59. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 59 and demand strict proof thereof. The allegations contained in Paragraph 59 are **DENIED**.

60. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 60 and demand strict proof thereof. The allegations contained in Paragraph 60 are **DENIED**.

61. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 61 and demand strict proof thereof. The allegations contained in Paragraph 61 are **DENIED**.

62. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 62 and demand strict proof thereof. The allegations contained in Paragraph 62 are **DENIED**.

63. Defendants lack sufficient information as to form a belief as to the truthfulness of the allegations contained in Paragraph 63 and demand strict proof thereof. The allegations contained in Paragraph 63 are **DENIED**.

64. Defendants incorporate its responses as previously articulated as though fully set forth herein.

65. Paragraph 65 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required, the allegations contained in Paragraph 65 are **DENIED.**

66. Paragraph 66 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 66 are **DENIED.**

67. Paragraph 67of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 67 are **DENIED.**

68. Paragraph 68 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 68 are **DENIED.**

69. Paragraph 69 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 69 are **DENIED.**

70. Paragraph 70 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 70 are **DENIED.**

71. Paragraph 71 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 71 are **DENIED.**

72. Paragraph 72 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 72 are **DENIED.**

73. Paragraph 73 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 73 are **DENIED.**

74. Paragraph 74 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 74 are **DENIED.**

75. Defendants incorporate its responses as previously articulated as though fully set forth herein.

76. Paragraph 76 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 76 are **DENIED.**

77. It is admitted that Defendant Leak was an employee of CMPD and the City, while serving as an SSRO at MPHS during the 2013-2014 school year. Except as expressly admitted, the allegations contained in Paragraph 77 are **DENIED**.

78. Paragraph 78 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 78 are **DENIED.**

**79.** Paragraph 79 of the Complaint contains legal conclusions only. No response is required; however, to the extent a response is required, the allegations contained in Paragraph 79 are **DENIED**.

80. Paragraph 80 of the Complaint contains legal conclusions only. No response is required; however, to the extent a response is required, the allegations contained in Paragraph 80 are **DENIED**.

81. Paragraph 81 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 81 are **DENIED.**

82. Paragraph 82 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 82 are **DENIED.**

83. Paragraph 83 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 83 are **DENIED**.

84. Paragraph 84 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 84 are **DENIED**.

85. Paragraph 85 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 85 are **DENIED.**

86. Paragraph 86 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 86 are **DENIED**.

87. Paragraph 87 of the Complaint is not directed to the answering Defendants; however, to the extent that a response is required by the answering Defendants, the allegations contained in Paragraph 87 are **DENIED**.

88. Defendants incorporate its responses as previously articulated as though fully set forth herein.

89. Upon information and belief, it is admitted that Defendant CMS is the local governing body with final policymaking authority over MPHS. Paragraph 89 contains legal citations which speak for themselves. Except as expressly admitted the allegations contained in Paragraph 89 are **DENIED**.

90. Defendants admit that the City is a local governing body. The remaining allegations contained in Paragraph 90 are legal conclusions and do not require a response from Defendants. To the extent that a response is required, the allegations  contained in Paragraph 90 are **DENIED**.

91. Defendants admit Chief Kerr Putney is a person who, in his official capacity as the Chief of CMPD. The remaining allegations contained in Paragraph 91 are legal conclusions and do not require a response from Defendants. To the extent that a response is required, the allegations contained in Paragraph 91 are **DENIED**.

92. The allegations contained in Paragraph 92 of the Complaint are not directed to these answering Defendants and include conclusions of law. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 92 are **DENIED**.

93. The allegations contained in Paragraph 93 of the Complaint are not directed to these answering Defendants and include conclusions of law. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 93 are **DENIED**.

94. Defendants admit that Defendants City and Putney supervised and controlled policies and regulations regarding CMPD and its police officers. The remaining allegations contained in Paragraph 94 are **DENIED**.

95. It is admitted that Defendants provide training to sworn law enforcement officers. Except as expressly admitted, the allegations contained in Paragraph 95 are **DENIED**.

96. The allegations contained in Paragraph 96 are **DENIED**, and Defendant demand strict proof thereof.

97. No response is required as to the allegations contained in Paragraph 97 which refer to legal citation and authorities. The remaining allegations contained in Paragraph 97 are **DENIED**.

98. The allegations contained in Paragraph 98 are **DENIED**, and Defendant demand strict proof thereof.

99. The allegations contained in Paragraph 99 are **DENIED**.

100. The allegations contained in Paragraph 100 are **DENIED**.

101. The allegations contained in Paragraph 101 are **DENIED**.

102. Defendants incorporate its responses as previously articulated as though fully set forth herein.

103. The allegations contained in Paragraph 103 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 103 are **DENIED**.

104. The allegations contained in Paragraph 104 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 104 are **DENIED**.

105. The allegations contained in Paragraph 105 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 105 are **DENIED**.

106. The allegations contained in Paragraph 106 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 106 are **DENIED**.

107. The allegations contained in Paragraph 107 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 107 are **DENIED**.

108. The allegations contained in Paragraph 108 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 108 are **DENIED**.

109. The allegations contained in Paragraph 109 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the  allegations contained in Paragraph 109 and each subpart are **DENIED**.

110. Defendants incorporate its responses as previously articulated as though fully set forth herein.

111. The allegations contained in Paragraph 111 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 111 are **DENIED**.

112. The allegations contained in Paragraph 112 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 112 are **DENIED**.

113. The allegations contained in Paragraph 113 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 113 are **DENIED**.

114. The allegations contained in Paragraph 114 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 114 are **DENIED**.

115. The allegations contained in Paragraph 115 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 115 are **DENIED**.

116. The allegations contained in Paragraph 116 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 116 are **DENIED**.

117. The allegations contained in Paragraph 117 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 117 are **DENIED**.

118. Defendants incorporate its responses as previously articulated as though fully set forth herein.

119. Defendants admit, at all times relevant, the City employed Defendant Leak as a police officer for CMPD. The remaining allegations contained in Paragraph 119 are **DENIED**.

120. Defendants admit Defendant Leak was assigned as an SSRO to MPHS. The remaining allegations contained in Paragraph 120 are **DENIED**.

121. The allegations contained in Paragraph 121 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 121 are **DENIED** as stated.

122. Defendant admits Defendant Leak was employed by the City as a police officer. Defendants admit the City and CMS maintained a contract regarding SSROs and the contract speaks for itself. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 122.

123. The allegations contained in Paragraph 123 are **DENIED**.

124. The allegations contained in Paragraph 124 are **DENIED**.

125. The allegations contained in Paragraph 125 are **DENIED**.

126. The allegations contained in Paragraph 126 are **DENIED**.

127. The allegations contained in Paragraph 127 are **DENIED**.

128. The allegations contained in Paragraph 128 are **DENIED**.

129. Defendants incorporate its responses as previously articulated as though fully set forth herein.

130. The allegations contained in Paragraph 130 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 130 are **DENIED**.

131. The allegations contained in Paragraph 131 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 131 are **DENIED**.

132. The allegations contained in Paragraph 132 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 132 are **DENIED**.

133. The allegations contained in Paragraph 133 are not directed to these answering Defendants. To the extent that a response is required by the responding Defendants, the allegations contained in Paragraph 133 are **DENIED**.

134. Paragraph 134, including each and every sub-paragraph contained therein, is **DENIED**.

<u>**THIRD DEFENSE**</u>

Plaintiff's actions constitute a complete bar to her recovery in this action.

<u>**FOURTH DEFENSE**</u>

Plaintiff claims lack factual bases, and Plaintiff is not entitled to the relief she requests as a matter of law.

<u>**FIFTH DEFENSE**</u>

Defendants acted in good faith in accordance with state and federal law. Defendants' acts of good faith include but are not limited to the formulation and implementation of policies, and practices, which were at all times in accordance with, or reasonably believed to be in conformance with, North Carolina state and federal laws, as well as the United States Constitution.

<u>**SIXTH DEFENSE**</u>

Claims against Defendants City and Chief Putney are derivative to the claims against Officer Leak. When Officer Leak is adjudicated to have acted reasonably or as being entitled to qualified or statutory immunity from the Complaint, any derivative claims which may exist would fail against Defendants City and Chief Kerr Putney.

<u>**SEVENTH DEFENSE**</u>

Officer Leak acted objectively, reasonably, and acted otherwise lawfully while discharging his duties as a SSRO at MPHS.

<u>**EIGHTH DEFENSE**</u>

Defendant City's training policies and practices for its officers were adequate in each area alleged deficient by Plaintiff.

## NINTH DEFENSE

Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps of recovery, laches, and setoffs.

## TENTH DEFENSE

Plaintiff is not entitled to recovery of compensatory damages against Defendants as she failed to mitigate her damages.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover punitive damages against Defendant City because it is a North Carolina Municipality. Punitive damages are only available against North Carolina municipalities in causes of action for which there is a statute that expressly permits punitive damages to be sought against municipalities. No cause of action alleged by Plaintiff satisfies this requirement. *See, Long v. City of Charlotte,* 306 N.C. 187, 208, 293 S.E. 2d 101, 115(1982).

## TWELFTH DEFENSE

The allegations contained in the Complaint fail to establish by clear and convincing evidence that Officer Leak acted with malice or undertook willful or wanton conduct regarding the matters at issue in this action.

## THIRTEENTH DEFENSE

Defendant cannot be liable in an action filed under 42 U.S.C. §1983 solely upon the doctrine of *respondeat superior*. *See, Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

## FOURTEENTH DEFENSE

No alleged municipal policies, practices or customs demonstrate a deliberate indifference to individual constitutional rights.

### FIFTEENTH DEFENSE

No municipal policies, practices, or customs caused Plaintiff's alleged injuries. *See*, *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694 (1978).

### SIXTEENTH DEFENSE

No municipal policies, practices, or customs demonstrate a plausible nexus or affirmative link between the City's custom and the alleged deprivation of constitutional rights. *See, City of Oklahoma City v. Tuttle* 471 U.S. 808,823 (1985).

### SEVENTEENTH DEFENSE

Chief Putney is sued only in his official capacity. A §1983 suit against a governmental official in his or her official capacity represents another way of pleading an action against the entity of which an officer is an agent and as such the real party in interest is the municipality entity and not the officer. As such, all claims against Chief Putney in his official capacity are duplicitous and should be dismissed.

### EIGHTEENTH DEFENSE

Chief Putney is entitled public official immunity from all claims described in the Complaint arising under state law because Plaintiff failed to plead and will be unable to establish any evidence that Chief Putney's conduct was motivated by something other than a purpose in furtherance of his official job or duties. *See*, *Turner v. City of Greenville*, 197 N.C. App. 562, 569, 677 S.E. 2d 480, 485 (2009).

## NINETEENTH DEFENSE

Defendant City is a municipality organized under the laws of the State of North Carolina. Defendant City is protected and hereby asserts governmental and/or sovereign immunity, to the extent permitted by law, as a partial bar to Plaintiff's claims against Defendant City, or its employee in his official capacity.

## TWENTITH DEFENSE

Defendants hereby give notice that they intend to rely on any other defenses as may become available or apparent during discovery proceedings. Defendants specifically reserve the right to amend their Answer as to further affirmative defenses.


[*The remainder of this page is intentionally blank*]

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants City and Chief Putney request the following relief:

1. That the Plaintiff's claims be dismissed, and that the Plaintiff have and recover nothing;

2. That the action be dismissed with prejudice;

3. That the costs of this action be taxed against the Plaintiff; and

4. For such relief as the Court may deem just and proper.

This the 28th day of February, 2020.

**OFFICE OF THE CITY ATTORNEY**

/s/ _____
Andrea Leslie-Fite
Senior Assistant City Attorney
600 East Fourth Street
Charlotte, NC 28202
Office: 704-336-2254
Fax: 704-632-8334
North Carolina Bar Number: 36894

Case 3:19-cv-00694-FDW-DSC   Document 18   Filed 02/28/20   Page 24 of 25

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendants', City of Charlotte and Kerry Putney, Answer was served on Plaintiff's attorney using the Court's CM/ECF system which will send notification of such filing to any CM/ECF participants.

Geraldine Sumter
FERGUSON CHAMBERS & SUMTER, P.A.

Laura L. Dunn
THE FIERBERG NATIONAL LAW GROUP
*Attorneys for Plaintiff*

This the 28th  day of February, 2020.

**OFFICE OF THE CITY ATTORNEY**

/s/ _____
Andrea Leslie-Fite
Senior Assistant City Attorney
600 East Fourth Street
Charlotte, NC 28202
Office: 704-336-2254
Fax: 704-632-8334
North Carolina Bar Number: 36894