## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## Civil Action No. 3:19-CV-00694-FDW-DSC

| | |
|---|---|
| **JILL ROE,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION; MARK BOSCO,** in his individual capacity and as an employee of Charlotte-Mecklenburg Schools**; BRADLEY LEAK,** both individually as an agent of Charlotte-Mecklenburg Schools, and in his official capacity as a law enforcement officer of the Charlotte-Mecklenburg Police Department; **THE CITY OF CHARLOTTE**, a North Carolina Municipality; and **KERR PUTNEY**, in his official capacity as Chief of the Charlotte-Mecklenburg Police Department, <br><br> **Defendants.** | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Defendants Charlotte-Mecklenburg Board of Education ("Defendant Board") and Mark

Bosco ("Defendant Bosco") (hereinafter, collectively referred to as "Defendants"), through

counsel, submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint.

## SUMMARY OF ARGUMENTS

1. Plaintiff's Title IX claim against Defendant Board (Count I) should be dismissed

   because Plaintiff has failed to state a claim upon which relief can be granted;

2. Plaintiff's Section 1983 claims against Defendant Bosco (Count II) should be

   dismissed because Defendant Bosco is entitled to Qualified Immunity;

1

3. Plaintiff's Section 1983 claims against Defendant Board (Counts II and III) under any theory should be dismissed because Plaintiff has failed to adequately plead municipal liability;

4. Plaintiff's negligence-based claims (Counts IV and V) should be dismissed because Defendant Bosco is entitled to Public Official Immunity;

5. Plaintiff's negligence-based claims (Count VI) should be dismissed because Defendant Board has governmental immunity, and Plaintiff has failed to allege waiver; and

6. Plaintiff's claim for common law obstruction of justice (Count VII) should be dismissed for failure to state a claim and because Defendant Bosco has Public Official Immunity.

## FACTS

For the purposes of this Motion to Dismiss and Supporting Memorandum only, Defendants hereby adopt Plaintiff's factual allegations as alleged in her Complaint.

## STANDARD OF REVIEW

When a court considers subject-matter jurisdiction, the burden of proving subject-matter jurisdiction is on the plaintiff. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should grant a 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the

2

moving party is entitled to prevail as a matter of law." *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a plaintiff must prove personal jurisdiction. *See, e.g., Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59–60 (4th Cir.1993). The court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." *See id.*[1]

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Dismissal under 12(b)(6) is proper when it is clear the complaint does not allege facts properly supporting a claim for which relief can be granted. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to avoid dismissal at this stage, a plaintiff must present facts where "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id*. Even though the court takes the factual allegations as true, a complaint must contain sufficient evidentiary facts to raise a plausible – as opposed to just conceivable – inference that the plaintiff is entitled to relief. *See Twombly*, 550 U.S. at 570; *see also Iqbal*, 550

---

[1] A trend in recent North Carolina appellate decisions has been to treat governmental immunity as a question of personal jurisdiction. *See, e.g., Green v. Kearney*, 203 N.C. App. 260, 264, 690, 755, 760 (2010).

U.S. at 678.  As a result, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  While a plaintiff may not be required to plead facts that constitute a prima facie case in order to withstand a motion to dismiss, she is nevertheless required to "set forth facts sufficient to allege each element of [her] claim."  *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002).

In evaluating whether a claim is stated, the court should not consider "legal conclusions, elements of a cause of action", "bare assertions devoid of further factual enhancement" and "unwarranted inferences, unreasonable conclusions, or arguments."  *See Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).  A complaint must be dismissed where plaintiffs "have not nudged their claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

## ARGUMENTS

### I.     PLAINTIFF'S TITLE IX CLAIM AGAINST DEFENDANT BOARD (COUNT I) SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's Title IX claim against Defendant Board fails as matter of law because (1) Plaintiff has failed to adequately plead notice to an appropriate official; (2) Plaintiff has made no fact-based allegations that Defendant Board was deliberately indifferent to Plaintiff's report of harassment; and (3) Plaintiff has failed to allege that the alleged deliberate indifference caused Plaintiff to undergo further harassment or discrimination.

4

To state a claim under Title IX on the basis of student-on-student harassment, a plaintiff must show that (1) she was a student at an educational institution receiving federal funds; (2) that she was subjected to harassment based upon her sex; (3) the harassment was so severe, pervasive, and objectively offensive that it created a hostile working environment; and (4) the educational institution had actual knowledge of the harassment but was deliberately indifferent. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999); *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007). Alleged knowledge of prior acts of sexual harassment against other students is insufficient to establish liability. *See Baynard v. Malone*, 268 F.3d 222, 238 (4th Cir. 2001). A school district is "properly held liable in damages only where it is deliberately indifferent to sexual harassment, of which it has actual knowledge, that is so severe pervasive, and objectively offensive that it can be said to deprive victims of access to the educational opportunities or benefits provided by the school." *See Davis, 526 U.S.* at 650 (rejecting an imputed-knowledge standard under agency principles or a should-have-known standard based in negligence).

To recover damages in a Title IX case for student-on-student harassment, the plaintiff must demonstrate that "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures … has *actual knowledge* of the discrimination and fails to adequately respond." *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998); *see also Davis* 526 U.S. at 671 (1999) (applying the *Gebser* standard to student-on-student harassment) (emphasis added).

An institution is deliberately indifferent "only where the response to the harassment is clearly unreasonable in light of the known circumstances." *See Davis*, 526 U.S. at 648.

"[N]either a school's negligence in addressing a sexual assault, nor its failure to provide the remedy wanted by the victim, constitutes deliberate indifference under Title IX." *See Facchetti v. Bridgewater Coll.*, 175 F. Supp. 3d 627, 638 (W.D. Va. 2016).

In order to satisfy the causation element of deliberate indifference, the injury must be attributable to the post-actual-knowledge further harassment which would not have happened but for the clear unreasonableness of the school's response. *See Davis*, 526 U.S. at 644; *see also Kollaritsch v. Michigan State University Bd. of Trustees*, 944 F.3d 613, 622, 624 ("*Davis* requires a showing that the school's deliberate indifference subjected its students to harassment, necessarily meaning further harassment."); *Jennings*, 482 F.3d 686 (deliberate indifference to ongoing discrimination).

A. Lack of Allegations of Notice to an "Appropriate School Official"

Plaintiff has failed to make any fact-based allegations that notice of the harassment or discrimination was provided to an official who had authority to address the alleged discrimination and to institute corrective measures.

Plaintiff alleges that she reported the harassment to Stacey Weinstein, the MPHS site coordinator for an entity called Communities in Schools ("CIS"), but has not alleged that Ms. Weinstein was an "appropriate official."

Furthermore, Plaintiff has not alleged that Defendant Leak is an "appropriate official." Plaintiff has specifically alleged that Defendant Leak is an employee of CMPD and the City and was assigned to Myers Park as a school resource officer. (Doc. 1, ¶ 6). Therefore, he cannot be an appropriate official for Title IX purposes.

6

Moreover, Plaintiff has not alleged that school counselor Kimberly Folk is an appropriate official. The duties of a school counselor are set forth in N.C. Gen. Stat. § 115C-316.1 and nothing contained therein authorizes a school counselor to address alleged discrimination or to institute corrective measures. Therefore, she cannot be an appropriate official for Title IX purposes.

Next, Plaintiff has alleged that she reported the harassment to Defendant Bosco in December 2014 but have made no allegations that he was an appropriate official. (Doc. 1, ¶ 6). Assuming *arguendo* that Defendant Bosco was an "appropriate official," Plaintiff's allegations establish that he responded to Plaintiff's report, and as a result, the alleged harassment ended.

B. Lack of Deliberate Indifference Allegations

According to Plaintiff's Complaint, Defendant Bosco investigated Plaintiff's complaint of harassment by (1) interviewing Plaintiff (Doc. 1, ¶¶ 43-48); (2) speaking with Plaintiff's mother (Doc. 1, ¶¶ 46-48); (3) speaking with M.G. (Doc. 1, ¶ 44); (4) reviewing text messages provided (Doc. 1, ¶ 44); (5) consulting with Defendant Leak (CMPD Officer) who concluded that the "threats" and information received were insufficient for a criminal charge (Doc. 1, ¶ 43); (6) contacting M.G's mother (Doc. 1, ¶ 38); (7) informing Plaintiff and her mother that MPHS would make sure that M.G. left Plaintiff alone moving forward (Doc. 1, ¶ 47); and (8) giving Plaintiff the option to take further action including making a formal report, which Plaintiff and her mother declined (Doc. 1, ¶ 48).

Here, Defendant Bosco's response to Plaintiff's complaint was **not** clearly unreasonable in light of the known circumstances, and "courts should refrain from second-guessing the disciplinary decisions made by school administrators." *See Davis,* 526 U.S. at 648.

C. Lack of Allegations of Causation or Ongoing Harassment Due to Alleged Deliberate Indifference

Although Plaintiff has named a section of her Complaint "Ongoing Hostile Environment at MPHS" (Doc. 1, ¶¶ 50-63), there are no fact-based allegations there or anywhere else in the Complaint that Plaintiff experienced <u>further, ongoing harassment </u>by M.G. (or anyone) as a result of the school district's response to her initial complaint of harassment/discrimination.

Plaintiff must plead that additional harassment occurred after the school was placed on notice that its remedial efforts were so inadequate that it "caused" the additional harassment. *See Kollaritsch v. Michigan State Univ. Bd. of Trustees*, 944 F.3d 613, 623-624 (6ht Cir. 2019) (holding that "the plaintiff must plead . . . some further incident of actionable sexual harassment, that the further actionable harassment would not have happened but for the deliberate indifference of the school's response, and that the Title IX injury is attributable to the post-actual-knowledge further harassment."); *Jennings*, 482 F.3d 686 (deliberate indifference to ongoing harassment)**.**

For these reasons, Plaintiff has failed to adequately plead a Title IX claim, and the claim should be dismissed.

II. **PLAINTIFF'S SECTION 1983 CLAIMS AGAINST DEFENDANT BOARD (COUNTS II and III) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Our courts have held that municipalities cannot be liable under Section 1983 without some predicate "constitutional injury at the hands of the individual [state] officer," at least in suits for damages. *See Waybright v. Frederick County, MD*, 528 F.3d 199, 203 (4th Cir. 2008). As set forth in Sections I and III, Plaintiff's Section 1983 claims fail automatically because there is no underlying constitutional violation by an individual CMS actor.

In addition, Plaintiff's Section 1983 claims are subject to dismissal because Plaintiff has failed to sufficiently allege facts supporting a theory of municipal liability that satisfies the 12(b)6 pleading standard.

In *Monell v. Dept. of Social Services of City of New York*, the United States Supreme Court held that governmental entities cannot be liable for Section 1983 under a theory of *respondeat* superior. *See Monell*, 436 U.S. 658, 691 (1978) (saying "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat* superior theory."); *see also Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403, 405 (1997) ("rigorous standards of culpability and causation must be applied").

In *Riddick v. Sch. Bd. of the City of Portsmouth*, the Fourth Circuit held that a municipality will only be liable in Section 1983 cases when the municipality itself caused the deprivation through an official policy or custom. *See Riddick*, 238 F.3d 518 (4th Cir. 2000).

A municipal policy or custom arises in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests

9

deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law. *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003); *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Our courts have held that "a **s**ection 1983 failure-to-train claim cannot be maintained against a governmental employer in a case where there is no underlying constitutional violation by the employee." *See Young v. City of Mount Ranier, 238 F.3d 567, 579* (4th Cir. 2011).

In order to survive a motion to dismiss, a plaintiff asserting Section 1983 liability must assert factual allegations, and not simply legal conclusions, that the municipal entity caused the deprivation through an official policy, custom or a widespread practice. Courts "need not accept the legal conclusions drawn from the facts [alleged in a complaint], and [they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *See Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks omitted); *see also Barrett v. Bd. of Ed. of Johnston County*, N.C., 590 Fed. Appx. 208, 210 (4th Cir. 2014) (unpublished); *Cook v. Howard*, 484 Fed. Appx. 805, 810-11 (4th Cir. 2012) (unpublished per curiam opinion).

Here, Plaintiff's allegations do not support a Section 1983 claim against Defendant Board. Plaintiff has failed to adequately allege an official policy, practice, or custom of institutional discrimination that led to her injury. Plaintiff's Complaint fails to adequately plead any practice of the Board that is "so persistent and widespread and so permanent and well settled as to constitute a custom or usage with force of law." *See Lytle v. Doyle, 326 F.3d 463, 473 (4ᵗʰ Cir. 2003).* Isolated incidents of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for Section 1983 purposes. *See id.* Furthermore, the

allegations in Plaintiff's Complaint fail to rise to the level of deliberate indifference to her

Constitutionally based equal protection rights.

Plaintiff has failed to sufficiently allege facts supporting Section 1983 municipal liability

that satisfies the Rule 12(b)6 pleading requirements; therefore, all of Plaintiff's Section 1983

claims are subject to dismissal.

### III. PLAINTIFF'S SECTION 1983 CLAIMS AGAINST DEFENDANT BOSCO (COUNT II) SHOULD BE DISMISSED BECAUSE DEFENDANT BOSCO IS ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff asserts an equal protection claim against Defendant Bosco under Section 1983

for his alleged deliberate indifference to the alleged student-on-student sexual harassment

suffered by Plaintiff.

This claim is subject to dismissal because Defendant Bosco is entitled to qualified

immunity: (1) Defendant Bosco did not act with deliberate indifference in response to Plaintiff's

complaint of harassment as set forth in Section I above, and therefore, there is no constitutional

violation; and (2) at the time of Defendant Bosco's alleged conduct in 2014, the equal protection

right to be free from a school administrator's deliberate indifference to student-on-student sexual

harassment was **not** clearly established.

The law on qualified immunity is well-established:

Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Officials will receive immunity unless the § 1983 claim satisfies a two-prong test: (1) the allegations, if true, substantiate a violation of a federal statutory or constitutional right and (2) the right was "clearly established" such that a reasonable person would have known his acts or omissions violated that right.
S*ee Brockington v. Boykins*, 637 503, 506 (4th Cir. 2011) (citations omitted)

11

The burden is on the Plaintiff to show that, at the time of the claimed violation and in light of pre-existing law, "the unlawfulness of the official action was apparent" and that "a reasonable person in the official's position would have known that his conduct would violate that right." *See Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violated the law." *See Malley v. Briggs*, 475 U.S. 335, 341 (1985). Further, this "gives ample room for mistaken judgments." *See Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995).

Qualified immunity "takes cognizance of human imperfections," *see West v. Murphy*, 771 F.3d 209, 213 (4th Cir. 2014), and protects governments from liability for "bad guesses in gray areas." *See Braun v. Maynard*, 652 F.3d 557, 560 (4th Cir. 2011). The doctrine of qualified immunity strikes a balance between two societal interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The relevant inquiry is whether, in light of the law existing at the time the alleged conduct occurred, and the information possessed by the official, a reasonable official in the Defendant's position could have believed his conduct to be unlawful. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Qualified immunity "applies whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

A. No deliberate indifference to support a Fourteenth Amendment violation.

To state an equal protection claim for deliberate indifference to known student-on-student harassment, Plaintiff must allege that (1) she was subjected to discriminatory peer treatment; (2)

12

the school administrator responded to the discriminatory peer harassment with deliberate indifference in a manner clearly unreasonable in light of known circumstances; and (3) the school administrator's deliberate indifference was motivated by a discriminatory intent. *See Feminist Majority Foundation v. Hurley*, 911 F.3d 674 (4th Cir. 2018) (internal citations omitted).

As set forth in Section I above, Plaintiff has failed to establish deliberate indifference or discriminatory intent, and this is fatal to Plaintiff's Section 1983 claim.

B. <u>The equal protection right to be free from an administrator's deliberate indifference to student-on-student sexual harassment was **not** clearly established at the time of Defendant Bosco's alleged conduct in 2014.</u>

As an additional ground, when Defendant Bosco responded to Plaintiff's complaint in 2014, at that time, the right to be free from an administrator's deliberate indifference to student-on-student harassment was **not** clearly established by controlling authority.

In *Feminist*, the Fourth Circuit Court of Appeals addressed the issue of whether an administrator's alleged deliberate indifference was a clearly established right at the time the administrator allegedly responded to the harassment and threats against the plaintiffs. In that case, the Fourth Circuit held that at the time of the administrator's challenged conduct **[in 2014 and 2015]**, the equal protection right to be free from an administrator's deliberate indifference to student-on-student sexual harassment was "not clearly established by either controlling authority or by a robust consensus of persuasive authority." *See Feminist*, 911 F.3d at 706. Consequently, the court concluded that the administrator was entitled to qualified immunity and upheld dismissal of the equal protection claim. *See id.*

13

Similarly, in this case, Defendant Bosco's alleged acts that comprised the alleged deliberate indifference occurred in December 2014. (Doc. 1). As was the case in *Feminist*, the equal protection right to be free from an administrator's deliberate indifference was **not** clearly established at that time. In other words, Defendant Bosco was not on notice that "the unlawfulness of the [his] official action was apparent" and that "a reasonable person in [his] position would have known that his conduct would violate that right."

Therefore, Defendant Bosco is entitled to qualified immunity.

## IV. PLAINTIFF'S STATE TORT LAW CLAIMS AGAINST DEFENDNAT BOSCO (COUNTS IV AND V) SHOULD BE DISMISSED BECAUSE DEFENDANT BOSCO HAS PUBLIC OFFICIAL IMMUNITY.

Plaintiff alleges claims state tort law claims of negligence (County IV) and negligent infliction of emotional distress (Count V) against Defendant Bosco. Defendant Bosco has public official immunity for these claims.

School principals like Defendant Bosco are "public officials" for purpose of public official immunity. *See Farrell v. Transylvania County Board of Educ.*, 175 N.C. App. 689, 625 S.E.2d 128 (2006); *Gunter v. Anders*, 114 N.C. App. 61, 441 S.E.2d 167 (1994).

Generally, it is presumed that a public official "acts fairly, impartially, and in good faith and in the exercise of sound judgment or discretion, for the purpose of promoting the public good and protecting the public interest." *See Greene v. Town of Valdese*, 306 N.C. 79, 82, 291 S.E.2d 630, 632 (1982). Evidence offered to meet or rebut the presumption of good faith must be sufficient by virtue of its reasonableness, not by mere supposition. It must be factual, not

hypothetical; supported by fact, not by surmise. *See Dobson v. Harris*, 352 N.C. 77, 85, 530 S.E.2d 829, 836 (2000).

Furthermore, a conclusory allegation that a public official acted willfully and wantonly is not enough, by itself, to withstand a motion to dismiss. The facts alleged in a plaintiff's complaint must support such a conclusion. *See Meyer v. Walls*, 347 N.C. 97, 114, 489 S.E.2d 880, 890 (1997). A public official may not be held individually liable for mere negligence but may only be liable where his/her conduct is malicious, corrupt or outside the scope of his/her authority. *See Dalenko v. Wake Cty. Dep't of Human Servs.*, 157 N.C. App. 49, 56, 578 S.E.2d 599, 603-04 (2003).

As set forth in Sections I and III above, none of the allegations in Plaintiff's Complaint establish plausible facts that Defendant Bosco exceeded the scope of his legitimate duties as a school principal; that he performed any act that rose to the level of malicious or corrupt; or that he acted willfully and wantonly.

For the reasons stated herein, Defendant Bosco is entitled to public official immunity.

## V. PLAINTIFF'S STATE TORT LAW CLAIMS AGAINST DEFENDANT BOARD (COUNTY VI) SHOULD BE DISMISSED BECAUSE DEFENDANT BOARD HAS GOVERNMENTAL IMMUNITY.

Plaintiff has alleged a state tort law claims of negligent training, retention, and supervision against Defendant Board (Count VI).

15

Under North Carolina law, a complaint alleging state-based tort or negligence claims against a school board fails to state claim upon which relief can be granted when it includes no allegations of immunity waiver based on the procurement of insurance.  *See Fields v. Board of Educ., Gunter v. Anders*, 115 N.C. App. 331, 336 444 S.E.2d 685, 689 (1994); *see also Suarez v. Charlotte-Mecklenburg Sch.*, 123 F. Supp. 2d 883, 892 (W.D.N.C. 2000) (dismissing tort claim against Charlotte-Mecklenburg Board of Education when plaintiff failed to allege waiver of governmental immunity).[2]

Because Defendant Board has immunity under N.C. Gen. Stat. 115C-42, and Plaintiff has failed to allege waiver, Plaintiff's state law tort claims against Defendant Board, including Count VI, should be dismissed with prejudice.

VI.     **PLAINTIFF FAILS TO STATE A CLAIM FOR OBSTRUCTION OF JUSTICE (COUNT VII).**

In Count VII of the Complaint, Plaintiff attempts to allege a common law obstruction of justice claim against Defendant Bosco.  That claim is subject to dismissal for failure to state a claim and because Defendant Bosco has public official immunity.

North Carolina courts have held that "any act intentionally undertaken by the defendant for the purpose of obstructing, impending, or hindering the plaintiff's ability to seek and obtain a legal remedy will suffice to support a claim for common law obstruction of justice." *See Blackburn v Carbone*, 208 N.C. App. 519, 526, 703 S.E.2d 788, 795 (2010).

---

[2] A trend in recent North Carolina appellate decisions has been to treat governmental immunity as a question of personal jurisdiction. *See, e.g., Green v. Kearney*, 203 N.C. App. 260, 264, 690, 755, 760 (2010).

In this case, Plaintiff alleges that Defendant Bosco acted to "prevent, impede, or hinder any investigation of Ms. Roe's rape, whether criminally, through CMS's disciplinary process, or under Title IX , through his willful, bad faith action of failing to take a formal report from Ms. Roe of the rape reportedly committed by M.G. in the woods adjacent to campus." (Doc. 1, ¶ 132).

Defendant Bosco's actions are summarized in Section I. B. above, and they do not support an obstruction claim. Plaintiff has alleged no facts that Defendant Bosco prevented an investigation of Plaintiff's complaint through the CMS disciplinary process for which he is entitled to substantial deference. *See King ex rel. Harvey-Barrow v. Beaufort County Bd. of Educ.*, 364 N.C. 368, 374 (2010) ( "the special context of public schools requires a more lenient approach to reviewing the decisions of school officials, and the professional judgments of school officials on school safety and student discipline issues are entitled to appropriate judicial deference."); *S. B. ex rel A. L.*, 819 F.3d at 77 ("school administrators are entitled to substantial deference when they calibrate a disciplinary response to student-on-student bullying or harassment, and a school's actions do not become 'clearly unreasonable' simply because a victim or his parents advocated for stronger remedial measures") (citations omitted).

Finally, Defendant Bosco is entitled to public official immunity. *See McRavion v. Cline*, 2019 WL 3821820 (W.D.N.C.) ("To the extent that Plaintiff is attempting to bring a claim for obstruction of justice under North Carolina common law, that claim is barred by the doctrine of public official immunity.").

As set forth in Sections I, III, and IV above, Plaintiff has failed to adequately allege that Defendant Bosco exceeded the scope of his legitimate duties as a school principal or that he

17

performed any act that rose to the level of malicious or corrupt which would cause him to lose immunity.

For these reasons, Plaintiff's obstruction of justice claim fails as a matter of law.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

This the 28th day of February 2020.

/s/ Terry L. Wallace
Terry L. Wallace
N.C. State Bar No. 26806
Wallace Childers PLLC
5821 Fairview Road; Suite 110
Charlotte, North Carolina 28209
Phone: 704-626-2900
Fax: 704-626-3476
Email: terry@wallacechilders.com

18

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Memorandum of Law in Support of Defendants' Motion

to Dismiss complies with the Court's word limitation.


/s/ Terry L. Wallace
Terry L. Wallace
N.C. State Bar No. 26806
Wallace Childers PLLC
5821 Fairview Road; Suite 110
Charlotte, North Carolina 28209
Phone:  704-626-2900
Fax:  704-626-3476
Email: terry@wallacechilders.com

**ATTORNEY FOR DEFENDANT
CHARLOTTE-MECKLENBURG BOARD OF
EDUCATION AND DEFENDANT MARK
BOSCO**

19

**CERTIFICATE OF SERVICE**

This is to certify that on this date the undersigned filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** using the Court's CM/ECF system which will send notification of such filing to all CM/ECF participants.

This the 28th day of February 2020.

> /s/ Terry L. Wallace
> Terry L. Wallace
> N.C. State Bar No. 26806
> Wallace Childers PLLC
> 5821 Fairview Road; Suite 110
> Charlotte, North Carolina 28209
> Phone:  704-626-2900
> Fax:  704-626-3476
> Email: terry@wallacechilders.com
>
> **ATTORNEY FOR DEFENDANT CHARLOTTE-MECKLENBURG BOARD OF EDUCATION AND DEFENDANT MARK BOSCO**